MINUTE ENTRY
MORGAN, J.
June 27, 2018

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 17-8177** |
| **SUPERIOR DISCOUNT, LLC,** | **SECTION: "E" (1)** |
| Defendant | |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 17-8179** |
| **JOSEPH TRUONG, INC.,** | **SECTION: "E" (1)** |
| Defendant | |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 17-8180** |
| **KATTOUM, INC.,** | **SECTION: "E" (1)** |
| Defendant | |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 17-8184** |
| **SMOKE N' STYLE,** | **SECTION: "E" (1)** |
| Defendant | |

1

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8186** |
| **SLIDELL QUICK STOP, INC.,**<br>        **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8191** |
| **DOCK QUICK SHOP, LLC,**<br>        **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8193** |
| **KWICK E MART, ET AL.**<br>        **Defendants** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8205** |
| **DISCOUNT ZONE 5268,**<br>        **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8216** |
| **E-Z PICK, INC.,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8218** |
| **VILLAGE 2015, INC.,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8235** |
| **GASCO,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8238** |
| **DISCOUNT-N-OUT,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

**SREAM, INC.,**                                                **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                      **NO. 17-8239**

**FUEL ZONE,**                                               **SECTION: "E" (1)**
    **Defendant**

*Related Case:*

**SREAM, INC.,**                                                  **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                        **NO. 17-8242**

**SUPER DISCOUNT GAS, INC.,**            **SECTION: "E" (1)**
    **Defendant**

*Related Case:*

**SREAM, INC.,**                                                  **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                        **NO. 17-8243**

**QUICKYS DISCOUNT,**                       **SECTION: "E" (1)**
    **Defendant**

*Related Case:*

**SREAM, INC.,**                                                  **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                        **NO. 17-8244**

**DANNY FOOD STORE,**                    **SECTION: "E" (1)**
    **Defendant**

*Related Case:*

**SREAM, INC.,**                                                                  **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                                          **NO. 17-8246**

**CLAIRBORNE EXPRESS,**                                              **SECTION: "E" (1)**
    **Defendant**


*Related Case:*

**SREAM, INC.,**                                                                  **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                                          **NO. 17-8252**

**SHELL 3032 EXPRESS, LLC,**                                       **SECTION: "E" (1)**
    **Defendant**


    A status conference was held on June 27, 2018, at 3:00 p.m. in the chambers of Judge Susie Morgan.

> Present:    Galen Hair, counsel for Plaintiff, Sream, Inc; Kyle Sclafani, counsel for Defendants, Smoke N' Style; Clairborne Express; Superior Discount, LLC, Joseph Truong, Inc., and Discount Zone 5268; Richard Duplantier, counsel for Defendants, Joseph Truong, Inc. and E-Z Pick, Inc.; Tom Buck and Brett Tweedel, counsel for Defendant, Discount Zone 5268, LLC; Lindsey Devereux, counsel for Defendants, Redfish Gas and Go, Inc. and Orleans Center Market, LLC; Charles Stiegler, counsel for Defendant Alfourat, Inc.; Patrick Schepens on behalf of Timothy Hassinger, counsel for third party Defendant Seneca Specialty Insurance Co.; Michael Cohen, counsel for Defendant, Discount N-Out, LLC; Thorne Harris, counsel for third party Defendant, India Imports, LLC; Marjorie Esman on behalf of Marie Breaux, counsel for Defendant, Quickys Discount; Dan Smetherman, counsel for Defendant, Super Discount Gas, Inc.; Nathan Chiantella, counsel for Defendant, Danny Food Store.

> Not Present:    Robert Evans, counsel for Fuel Zone; Kattoum, Inc., Pro Se Defendant; Slidell Quick Stop, Inc., Pro Se Defendant; Dock

Quick Stop, LLC, Pro Se Defendant; Village 2015, Inc., Pro Se Defendant; Shell 3032 Express, LLC, Pro Se Defendant.

The parties discussed the status of the cases. Plaintiff represented it no longer seeks a temporary restraining order or a preliminary injunction in any of the above captioned cases. Plaintiff maintains its request for a permanent injunction, the merits of which the Court will determine at trial. The Court continued the in person status conference currently set for July 13, 2018 to **Wednesday, September 12, 2018** at **10:00 a.m.**

With respect to case number 17-8239, *Sream, Inc. v. Fuel Zone*, the Court **DENIED WITHOUT PREJUDICE AS MOOT** Defendant's pending motion to dismiss.[1] Prior to the telephone status conference, counsel for Fuel Zone, Robert Evans, represented he was not able to participate due to an illness. With respect to case number 17-8238, *Sream, Inc. v. Discount N-Out*, the Court **GRANTED** Third Party Defendant India Imports, Inc.'s motion to enroll Thorne Harris as counsel of record.[2]

**IT IS ORDERED** that the parties adhere to the revised scheduling order, as set forth below:

| Initial disclosures | Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have not been completed and must be exchanged no later than **July 2, 2018** |
|---|---|
| Amendments to pleadings, third-party actions, cross-claims, and counterclaims | Filed and served no later than **July 2, 2018** |
| **Status conference** | **September 12, 2018 at 10:00 a.m.** |

---

[1] No. 17-8239, R. Doc. 15.
[2] No. 17-8238, R. Doc. 33.

6

| | |
|---|---|
| Second status conference | **March 15, 2019 at 12:00 p.m.** |
| Plaintiff's expert reports | Delivered to defense counsel by **April 19, 2019** |
| Defendant's expert reports | Delivered to plaintiff's counsel by **May 21, 2019** |
| Witness lists<br><br>Each witness must be identified by name and address. The listing of a witness as a representative of an entity is not sufficient<br><br>*See* **pretrial notice at p. 7** | Filed and served upon opponents by **May 21, 2019** |
| Exhibit lists<br><br>Each exhibit must be listed with specificity and be Bates numbered. Broad, general categories of exhibits are not sufficient<br><br>*See* **pretrial notice at pp. 5-6** | Filed and served upon opponents by **May 21, 2019** |
| Depositions and discovery<br><br>**Failure to comply with this order may result in sanctions pursuant to Rule 37** | Completed by **June 4, 2019** |
| Non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony<br><br>*See* **Scheduling Order at p. 3 regarding the format of depositions** | Filed and served no later than **June 11, 2019**<br><br>(in sufficient time to permit a submission date on or before **June 26, 2019**) |
| Responses/oppositions to non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony | Filed and served no later than **June 18, 2019** |

| | |
|---|---|
| Pretrial order<br><br>**Any exhibits to be used solely for impeachment must be presented to the Court for in camera review by this deadline.** *See* **Section IX.10.b of the pretrial notice** | Filed by **June 24, 2019** at **5:00 p.m.** |
| Pretrial conference<br><br>**Attended by lead attorney. (See Local Rule 11.2)** | **June 27, 2019 at 1:00 p.m.** |
| Final list of witnesses who will be called at trial | Filed no later than **July 5, 2019** at **5:00 p.m.** |
| Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support | Filed no later than **August 1, 2019** at **5:00 p.m.** |
| Responses to motions in limine | Filed by **August 8, 2019** at **5:00 p.m.** |
| Joint statement of the case<br><br>*See* **pretrial notice at p. 8** | Filed by **August 12, 2019** at **5:00 p.m**. |
| Joint jury instruction (or if agreement cannot be reached, counsel shall provide alternate versions with respect to any instruction in dispute, with its reasons for putting forth an alternative instruction and the law in support thereof<br><br>*See* **pretrial notice at p. 8** | Filed and emailed to the Court by **August 12, 2019** at **5:00 p.m.** |
| Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form)<br><br>*See* **pretrial notice at p. 8** | Filed by **August 12, 2019** at **5:00 p.m**. |

| | |
|---|---|
| Proposed special voir dire questions<br><br>***See* pretrial notice at p. 8** | Filed by **August 12, 2019** at **5:00 p.m**. |
| Objections to exhibits and supporting memoranda<br><br>**NOTE:** Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s)<br><br>***See* pretrial notice at p. 5** | Filed by **August 12, 2019** at **5:00 p.m**. |
| Two copies of joint bench book(s) of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial<br><br>***See* pretrial notice at pp. 5-6** | Delivered to the Court by **August 12, 2019** at **5:00 p.m.** |
| Trial memoranda<br><br>***See* pretrial notice at pp. 8-9** | Filed by **August 12, 2019** at **5:00 p.m**. |
| Objections to deposition testimony and supporting memoranda<br><br>***See* pretrial notice at p. 6 with particular attention to instructions regarding the format of depositions** | Filed by **August 12, 2019** at **5:00 p.m**. |
| Responses to objections to exhibits<br><br>***See* pretrial notice at p. 5** | Filed by **August 14, 2019** at **5:00 p.m**. |
| Responses to objections to deposition testimony<br><br>***See* pretrial notice at p. 6** | Filed by **August 14, 2019** at **5:00 p.m**. |

| | |
|---|---|
| If counsel intends to ask questions on cross-examination of an economic expert which require mathematical calculations<br><br>*See* **pretrial notice at p. 7** | The factual elements of such questions shall be submitted to the expert witness by **August 14, 2019** at **5:00 p.m.** |
| List and brief description of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments<br><br>*See* **pretrial notice at p. 7** | Provided to opposing counsel by **August 14, 2019 at 5:00 p.m.** |
| Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments<br><br>*See* **pretrial notice at p. 7** | Filed by **August 15, 2019** at **5:00 p.m**. |
| Jury trial<br><br>Whenever a case is settled or otherwise disposed of, counsel must immediately inform the clerk's office, judge to whom the case is allotted, and all persons subpoenaed as witnesses. If a case is settled as to fewer than all parties or all claims, counsel must also identify the remaining parties and unsettled claims.<br><br>*See* **Local Rule 16.4** | **August 19, 2019 at 9:00 a.m.** |

**New Orleans, Louisiana, this 3rd day of July, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (0:32)